FILED

2004 Nov-30  AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES BRUCE JONES, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CV-02-CO-0496-S |
| | ] | |
| BE&K ENGINEERING COMPANY, | ] | |
| a subsidiary of BE&K, INC., | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction

This is an action brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C § 621 *et seq.*  The court has for consideration Defendant's motion for summary judgment, filed June 30, 2004, by defendant BE&K Engineering Company, a subsidiary of BE&K, Inc. (hereinafter, "BE&K").  [Doc. 34.]  The motion has been briefed and is ripe for decision.  Upon due consideration, and for the reasons set forth below, Defendant's motion for summary judgment will be granted.

II.    Facts[1]

Except as otherwise noted, the parties agree upon the following pertinent facts:[2]  The defendant BE&K provides engineering, construction and maintenance for process-oriented industries and commercial real estate projects.   The plaintiff, James Bruce Jones (hereinafter, "Jones"), was terminated by a reduction in force from BE&K on September 18, 2001. Jones was fifty-seven years old at the time of the lay off, having worked for BE&K for more than twenty-two years.  He designed HVAC, plumbing, and fire protection systems for BE&K's Mechanical Services Department.  Jones had thirty-eight years of HVAC design experience.  Steve Fleming became the Manager of the Mechanical Services Department approximately nine months prior to Jones' layoff.  At that time, there were four employees in the HVAC group:  (1) Jones; (2) Billy Martin (also an HVAC designer); (3)

_____

[1] In developing the facts for this opinion, the Court considered the facts proposed by the parties in their briefs and the Court's own examination of the record. All reasonable doubts have been resolved in favor of the non-movant. *See Information Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994).

[2] (Doc. 35, pp. 1-8; Doc. 40, pp. 1-7.)

David Lowery (Professional Engineer); and (4) Greg Vu (Engineer). Fleming

reported to A.C. Bogaty, then Manager of Design Engineering, who made the

decision to lay off Jones. Bogaty was responsible for the overall supervision

of BE&K projects and the evaluation of the engineering needs and client

demands associated with future projects.

Prior to Jones' layoff, the Mechanical Services Department as a whole

experienced a reduction in employees due to adverse economic conditions.

At the time Fleming took over the Department, there were approximately

100 employees. Subsequently that number was cut in half by layoffs,

including some senior employees. The number of projects at BE&K that

required a significant amount of HVAC design work had substantially

decreased. In addition, BE&K projections indicated that few future projects

would require HVAC designers. Accordingly, BE&K (specifically, Bogaty)

made the business-judgment decision to discontinue the HVAC design

business, deciding instead to have engineers subcontract HVAC design work

out when such work was required. Fleming, in discussing the situation with

Bogaty, indicated at one point that he thought business might pick up.

When it did not however, the decision was made to lay-off HVAC designers

Jones and Billy Martin.  Jones contends that age was the motivating factor behind his dismissal.  At the time, BE&K did not have any job vacancies which Jones was qualified to fill.  Since the layoffs, no HVAC designers have been hired and no one has been hired to perform HVAC design.

Greg Vu, an engineer who was retained in the HVAC department, is substantially younger than Jones. He was hired more than a year before Jones was laid off, and continued to do HVAC work after the reduction in force. Vu lacked Jones' experience and occasionally asked for help concerning calculations and HVAC equipment. Plaintiff did not require assistance in doing his job.

Although Jones had extensive knowledge in areas that Fleming indicated he found desirable in engineers, and Jones took several engineering courses, he did not have an engineering degree. Vu's engineering degree, according to BE&K, opened up a "wealth of [other] opportunities" as his career developed. (Doc. 35 citing T. 46, 63, 191; Fleming Depo. p.13.) BE&K used engineers with degrees for other work, and often their clients demanded that engineers with degrees be used in various

key areas of a project.  After the layoffs, the two remaining individuals in the HVAC group experienced down-time, time that was not billed to clients.

The Mechanical Services Department began moving to the exclusive use of engineers for engineering-type work.  In addition, Vu, as a degreed engineer, had the ability to become a Professional Engineer ("PE") like Lowery — the other employee retained in the HVAC group.[3]  An engineering degree is a prerequisite to taking a Professional Engineer exam.  A Professional Engineer is able to seal and stamp various engineering documents in the course of completing projects.  This is of value to BE&K.

Lowery was approximately fifty-two years old at the time of Jones' layoff. Seventy-four percent (74%) of the employees retained in the Mechanical Services Department after Jones' layoff were forty or older, and thirty-seven percent (37%) of those were fifty or older.

Bogaty admits to trying to attract young engineers to the company. During his deposition in this matter, Fleming described Vu as "a young engineer with a lot of potential." Upon filing this suit, alleging age

---

[3] At the time of the layoff, Vu had taken three of the four steps to becoming a PE. (T.168-9.)  All that was left was to take (and pass) the exam.

discrimination with respect to his layoff, Jones was required by BE&K's Employee Solution Program to agree to non-binding arbitration. The transcript of the arbitration hearing is relied upon heavily by both sides in support of their submissions to the Court and will be considered for the purposes of this opinion.[4]

III.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing

---

[4] Being mindful of the Court's duty to assure the full availability of the judicial forum in employment discrimination cases, the Court finds the probative value of the EEOC determination letter to be substantially outweighed by the danger of unfair prejudice. The letter includes only the conclusion of the district director, without even minimal details about the investigative procedure used or the data considered. Without some indicator of the basis for the determination, this Court cannot conclude that the EEOC's sources of information were trustworthy, that the investigation was timely, or that a hearing was held. *See* Fed. R. Evid. 803 (8)(c), and Advisory Comments. Certainly the lack of supporting details limits the probative value of the submission, and wary of the danger that the jury will place undue emphasis on the determination, the Court finds the determination should be excluded pursuant to Fed. R. Evid. 403.

the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met their burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324.  "[T]he plain

language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  His guide is the same standard necessary to direct a verdict:  "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52;

*see also Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 746 n.11 (1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit

of every inference but only of every reasonable inference. *Brown v. Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

IV.   Discussion

The ADEA prohibits employment discrimination on the basis of age.  29 U.S.C § 621 *et seq.*  In the words of Congress, the ADEA was designed to "promote employment of older persons based on their ability rather than their age;" and "to prohibit arbitrary age discrimination in employment." *Williams v. General Motors Corp.*, 656 F.2d 120, 126 (5th Cir. Unit B 1981).[5] Here the plaintiff contends he can establish a prima facie case based on direct evidence and/or circumstantial evidence.

BE&K claims it is entitled to summary judgment because (1) Plaintiff cannot present sufficient direct evidence to establish age discrimination; (2) Plaintiff cannot present sufficient circumstantial evidence to establish a prima facie case of age discrimination; and (3) even if Plaintiff establishes a prima facie case of age discrimination through circumstantial evidence, he cannot rebut BE&K's legitimate non-discriminatory reason for the lay off.

---

[5] Decisions of the former Fifth Circuit Unit B are binding precedent in this circuit. *Stein v. Reynolds Securities,* 667 F.2d 33, 34 (11th Cir. 1982).

A.    Plaintiff's Direct Evidence of a Violation of the ADEA

To qualify as direct evidence of age discrimination, evidence must indicate that the complained-of employment decision was motivated by decision-maker's ageism, and only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, will constitute direct evidence of discrimination. Age Discrimination in Employment Act of 1967, §§ 2 *et seq.*, 29 U.S.C.A. §§ 621 *et seq.*; *Damon v. Fleming Supermarkets of Florida, Inc.,*  196 F.3d 1354, 1358 (11th Cir. 1999) *citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081-82 (11th Cir. 1990). An example of direct evidence would be a scrap of paper saying, "Fire [Jones] -- he is too old." *See Williams,* 656 F.2d at 130. Plaintiff contends that statements made by Fleming and Bogaty after the layoff are direct evidence of discrimination.

Fleming, who was not the decision maker, described Mr. Vu as a "young engineer with a lot of potential" in response to a deposition question. (T.19.)  Statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process at issue will not satisfy the employee's burden.  *Price Waterhouse v. Hopkins,*  490 U.S. 228, 277,

109 S. Ct. 1775, 1804-05 (1989)(O'Connor, J., concurring).   Fleming's statement was neither made by a decisionmaker nor made during the decisional process.

Bogaty, the decision maker, stated at the arbitration hearing, that the company "did its best to bring in young engineers." (T. 378.)  Again, this statement was not made during the decisional process.

Furthermore, the statements were about a characteristic of Vu, rather than about Jones' age.  Direct evidence must relate directly, in time and subject, to the company's decision to terminate older employees.  *Minton v. American Bankers Ins. Group, Inc.*, No. 02-12942, 2003 WL 21303330, *1 (11th Cir. 2003). *See Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 852 (11th Cir. 1997)(statements to an interviewee that interviews were a formality and that being over 40 would keep someone from being hired was direct evidence). Viewing the evidence most favorably to the plaintiff, there is not substantial direct evidence from which a reasonable jury could conclude defendants acted with discriminatory intent. *See, e.g., Beaver v. Rayonier Inc.*, 188 F.3d 1279, 1285-86 (11th Cir. 1999) (finding that decision-maker's comment that he wanted to attract "younger, engineer-type

employees or supervisors" in reduction-in-force case did not rise to level of direct evidence of discrimination); *Williams v. General Motors Corp.*, 656 F.2d 120, 130 n. 17 (5th Cir. Unit B 1981)(The fact that an employer encourages employment of recent college and technical school graduates does not constitute unlawful age discrimination). *See also Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528, n. 6 (11th Cir. 1987) ("Direct evidence is '[e]vidence, which if believed, proves the existence of fact in issue without inference or presumption.'") (quoting Black's Law Dictionary 413 (5th ed. 1979)).

In cases of direct evidence of age discrimination, the fact that the evidence exists, by itself, *proves* the discrimination. The evidence at issue here, on the other hand, merely *suggests* discrimination. The trier of fact must *infer* discrimination based on the evidence. By definition, then, it is circumstantial evidence.

B.    Plaintiff's Circumstantial  Evidence of a Violation of the ADEA

For ADEA claims based on circumstantial evidence, the Eleventh Circuit has adopted a variation of the test articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Mitchell v.*

*Worldwide Underwriters Ins. Co.,* 967 F.2d 565, 566 (11th Cir. 1992).  To

make out a prima facie case for an ADEA violation, the plaintiff must show

that he (1) was a member of the protected group of persons between the

ages of forty and seventy, (2) was subject to adverse employment action,

(3) was replaced with a person outside the protected group, and (4) was

qualified to do the job. *See Verbraeken v. Westinghouse Elec. Corp.,* 881

F.2d 1041, 1045 (11th Cir. 1989), *cert. dismissed,* 493 U.S. 1064, 110 S. Ct.

884, 107 L. Ed. 2d 1012 (1990). These criteria are altered slightly in

reduction-in-force ("RIF") cases and cases in which a position is eliminated

in its entirety; in these instances, the  plaintiff establishes a prima facie

case by demonstrating (1) that they were in a protected age group and

adversely affected by an employment decision, (2) that they were qualified

for their current position or to assume another position at the time of

discharge, and (3) evidence by which a fact finder could reasonably

conclude that the employer intended to discriminate on the basis of age in

reaching that decision. *See Mitchell,* 967 F.2d at 567-68; *Earley,* 907 F.2d

at 1082; *Verbraeken,* 881 F.2d at 1045-46.  Where a particular job position

is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail

against his employer he must show that he was qualified for another available job with that employer; qualification for his current position is not enough. *Earley,* 907 F.2d at 1082-83 *(*citations omitted*)*; *cf. Rosenfield v. Wellington Leisure Products, Inc.,* 827 F.2d 1493, 1495 n. 2 (11th Cir. 1987) (where plaintiff is discharged from previously held position, "prong requiring proof of qualification [for that position] is removed").

It is without dispute that Jones was in a protected age group and adversely affected by an employment decision. When a particular job position is entirely eliminated for nondiscriminatory reasons, the plaintiff must show that he was qualified for another job with that employer. *Earley*, 907 F.2d  at 1082-83 (citations omitted).

Jones has not presented evidence that his job was eliminated for any reason other than business judgment but contends he was discriminated against on the basis of age. *Id*. He has not presented sufficient evidence from which a jury could find that a position for which he was qualified was available in the company at the time of his termination. Jones therefore cannot satisfy the second prong necessary to make out a prima facie case of age discrimination through circumstantial evidence.

Nor would Jones be able to satisfy the third prong of the test.  The evidence must lead a factfinder reasonably to conclude either (1) that defendant consciously refused to consider retaining or relocating a plaintiff because of his age, or (2) defendant regarded age as a negative factor in such consideration.  *Williams*, 656 F.2d at 130. The evidence shows that Defendant thought highly of Mr. Vu and his potential as an engineer with a degree. Jones has not shown that Mr. Vu's age was a consideration in his retention, or that Jones' age was a consideration in his discharge. (T.30, 291, 350.) Plaintiff has failed to produce any evidence with regard to either test, and therefore is unable to establish a prima facie case of age discrimination.

Failure to establish a prima facie case warrants summary judgment. *Pace v. Southern Ry. Sys.*, 701 F.2d 1383 (11th Cir. 1983)(internal citations omitted). By definition, failure to establish a prima facie case means that the plaintiff has failed to proffer proof sufficient to impose even a burden of rebuttal on the defendant. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. at 253-54, 101 S. Ct. at 1093-94.

C.    Plaintiff's Rebuttal of BE&K's Legitimate Non-discriminatory
      Reason for the Layoff

Even if Jones had established a prima facie case under the ADEA, the defendant met its burden of articulating at least one legitimate, non-discriminatory reason for discharging Plaintiff. *See Watkins v. Sverdrup Tech., Inc.*, 153 F.3d 1308, 1314 (11th Cir. 1998). The employer's burden is one of production, not persuasion, and the ultimate burden of persuasion remains at all times with the ADEA plaintiff. *Id.* In this case, the defendant offers the decrease in business, and the subsequent decision to eliminate in-house HVAC design. Further, an arbitration decision in favor of employer can carry employer's burden of articulating some legitimate, nondiscriminatory reason for an employment decision. *Jasany v. United States Postal Service,* 755 F.2d 1244, 1252 (6th Cir. 1985) (citing *Becton v. Detroit Terminal of Consol. Freightways,* 687 F.2d 140, 142 (6th Cir. 1982), *cert. denied,* 460 U.S. 1040, 103 S. Ct. 1432, 75 L. Ed. 2d 791 (1983)). It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. *Burdine*, 450 U.S. at 254-55, 101 S. Ct. at 1094. The defendant's explanation must be legally sufficient to justify a

judgment in his favor, and it must be set forth by admissible evidence.  *Id.* at 255, 101 S. Ct. at 1094-95.  If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted. *Id.*

Once the defendant proffers a legitimate, non-discriminatory reason for its action, the plaintiff must present some concrete evidence to show that the proffered reason is mere pretext.  *Earley,* 907 F.2d at 1081. Jones relies on three points in his effort to establish pretext: 1) that the HVAC design business did not decrease to the point where layoffs were necessary, 2) that Defendant's plan to subcontract out any future work was only theoretical, and 3) that Vu was retained for reasons other than his flexibility. Jones' contention, that the HVAC *design* work did not decrease to the point that the defendant's employees were not needed to do the work, is not supported by any evidence.  Conclusory allegations and assertions will not suffice. *Earley,* 907 F.2d at 1081.  Plaintiff cites evidence that another employee, Donnie Thomason, was involved in HVAC work. The evidence shows, however, that Thomason did a little HVAC drafting, not design.

Jones also challenges the plan that BE&K would subcontract out the

work, asserting that no HVAC work had been subcontracted out and that employees like Thomason were doing it.  The evidence is that Thomason was involved in a small percentage of HVAC drafting, not design.  In fact, this further strengthens BE&K's claims that they were not able to support  HVAC design.

Jones contends, based on his experience, that he is as qualified as — if not more qualified — than Vu. The fact that a company eliminates some positions in a RIF while hiring younger workers in other positions is not sufficient to show that the RIF was pretextual. *Watkins*, 153 F.3d at 1315-16. A plaintiff must also show that the new positions were similarly situated to those that were eliminated in the RIF. *Id.* Jones insists that his experience allowed him to make some of the same calculations Vu made involving fluid flow, thermodynamics, thermo growth and stresses. However, Defendant was not limiting "flexibility" to those jobs, rather it cited them as examples where it thought Vu would be a better fit because of his degree. The plaintiff and the employee he identifies as a comparator must be similarly situated "in all relevant respects."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004)(citations omitted).

The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer. *Id.*; *see Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001). BE&K does not deny that Plaintiff had a great deal of experience and was a good worker, but Vu's degree gave him the potential to do more for BE&K. An employer making reduction-in-force decisions does not violate the ADEA if it decides which employees are likeliest to contribute most to the company over the long haul. *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383 (7th Cir. 2000). Plaintiff points out that Vu is not a PE, and argues that his reaching that goal is speculative.[6]  Even if Vu does not become a PE, Jones has not shown that his experience is comparable to Vu's engineering degree or that BE&K's contention that some of its clients require that an engineer with a degree be used on various areas of projects is false.  The plaintiff has not shown that discrimination was the "real reason" for the defendant's action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 2749 n.4 (1993).

The Eleventh Circuit has repeatedly stated that it will not second-

---

[6] See Note 4, *supra*.

guess a company's legitimate assessment of whether an employee is qualified for a particular position. *See Elrod v. Sears, Roebuck and Co.,* 939 F.2d 1466, 1470 (11th Cir. 1991) (noting that "[f]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions" and that the key inquiry is "whether the employer gave an honest explanation of its behavior") (citations and internal quotations omitted); *Smith v. Horner,* 839 F.2d 1530, 1538 (11th Cir. 1988) ("If an employer selects the person it believes is best qualified, an argument of pretext ordinarily will fail.") (citations and internal quotations omitted).

Furthermore, "[w]here the defendant's justification evidence completely overcomes any inference to be drawn from the evidence submitted by the plaintiff, the district court may properly acknowledge that fact and award summary judgment to the employer." *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 596 (11th Cir. 1987).  Moreover, "the plaintiff always bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence."  *Earley,* 907 F.2d at 1081. Here the plaintiff has failed.

V.    Conclusion

BE&K's motion for summary judgment will be granted as to all of Jones' claims. A separate order in conformity with this opinion will be entered.

Done this _30th_ day of November 2004.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE